UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL MCDERMOTT,

    Plaintiff,

v.

BETTY JUNE TAYLOR EL,

    Defendant.

                                         /

Case No. 14-14855

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW THE BANKRUPTCY REFERENCE [1]**

On December 22, 2014, Defendant Betty June Taylor El, acting without counsel, filed the instant "Notice of Removal." (Dkt. #1). Based on the contents of Defendant's filing, the Court interprets Defendant's request as a motion to withdraw the reference in an adversary proceeding currently pending in bankruptcy court.

For the reasons stated below, the Court DENIES Defendant's motion.

**I. FACTS**

Defendant operates/owns a "debt relief agency" as defined under 11 U.S.C. § 101(12A) and is a bankruptcy petition preparer for the purposes of 11 U.S.C. § 110(a)(1). *See In re Danielle Brown,* 14-47291, 14-5218, (Bankr. E.D. Mich. 2014) (Compl. ¶¶ 6, 7). On November 21, 2014 the bankruptcy trustee ("Trustee") filed an adversary action against Defendant alleging that Defendant prepared documents for the debtor in the underlying bankruptcy case and overcharged the debtor by $250. (*Id.* at ¶¶ 6, 8, 9). The Trustee also maintains that Defendant failed to disgorge that amount in violation of Bankr. Ct. Admin. Order 10-21, E.D. Mich., April 20, 2010. (*Id.* at ¶¶ 8-10). As a result of the purported

misconduct, the Trustee is seeking an injunction that will prohibit Defendant from preparing petitions in further cases, a sanction available under 11 U.S.C. § 110(j)(2)(B).[1] On December 22, 2014, Defendant filed the instant "Notice of Removal" requesting "that this action be removed to the United States District Court for the Eastern District of Michigan." (Dkt. #1).

## II. ANALYSIS

In addition to the presence of fatal procedural deficiencies in Defendant's motion, the motion is also substantively devoid of merit. Indeed, as the subsequent analysis makes clear, this adversary proceeding falls within the purview of the bankruptcy court.

### A. Mandatory Withdrawal of the Reference

In limited circumstances, the Court is required to withdraw the bankruptcy reference. 28 U.S.C. § 157(d) states in relevant part: "The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." E.D. Mich. Local Rule 83.50(c) further requires the district court to "try personal injury tort and wrongful death claims under 28 U.S.C. § 157(b)(5)."  Here, there is no need for the Court to consider any "other laws" outside of title 11; the proceeding itself, the requested sanctions, and Defendant's alleged misconduct all arise under title 11. Moreover, there are no tort or wrongful death claims at issue. Therefore, this Court is not required to withdraw the reference.

---

[1] The Trustee further alleges that Defendant is currently subject to an injunction in another bankruptcy action. (Compl. ¶ 13).

**B. Discretionary Withdrawal of the Reference**

Nor is the Court persuaded that it should exercise its discretionary power to withdraw the reference in this matter. While the "district court may [under 28 U.S.C. § 157(d)] withdraw . . . any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown[]", § 157(b)(1) is clear that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11 . . . ." As many courts, including the Sixth Circuit, have recognized, this includes the power to sanction parties for improper conduct related to a bankruptcy filing- the very issue prompting the adversary proceeding against Plaintiff. *See In re Downs*, 103 F.3d 472, 477 (6th Cir. 1996). Indeed, "there can be no more fundamental exercise of core subject matter jurisdiction by the bankruptcy court than its policing of professionals whom debtors pay to render service in connection with their cases." *In re Rose*, 314 B.R. 663, 683 (Bankr. E.D. Tenn. 2004) (citations and alterations omitted). "The consideration of sanctions is a core proceeding arising in a case under title 11, as described by 28 U.S.C. § 157, as it is inextricably intertwined with the bankruptcy case itself, which is undoubtedly a core proceeding." *In re Mehlhouse*, 469 B.R. 694, 709 (Bankr. E.D. Mich. 2012) (internal citations omitted); *see also In re Douglas*, 304 B.R. 223, 232 (Bankr. D. Md. 2003) ("When a complaint of misconduct is brought in the bankruptcy court against [a professional whom debtors pay to render service in connection with their cases] by the Office of the United States Trustee, which is statutorily charged with monitoring the bankruptcy system for the public good, it is obvious that this Court has jurisdiction to hear it. Any assertion to the contrary is nonsense.").

Here, Defendant allegedly overcharged the debtor when she prepared the bankruptcy

petition (and/or other documents) and failed to disgorge the excessive payment after the Trustee directed her to do so. The Trustee's request for an injunction under 11 U.S.C. § 110(j)(2)(B)[2] is the type of action that falls squarely within the jurisdiction of the bankruptcy court. While the district court may withdraw a core or non-core proceeding for cause in the interest of judicial economy, the Defendant has failed to demonstrate that this factor has any relevance here. *See In re Anderson*, 395 B.R. 7, 11 (E.D. Mich. 2008) ("To state the obvious, the bankruptcy court exists to handle bankruptcy matters. It has special expertise in this area of the law, and cases within this area of expertise should not be withdrawn without good cause."). Indeed, it is well resolved that the imposition of sanctions under title 11 is a core proceeding intrinsically linked to the underlying bankruptcy action. As such, judicial economy is better served by keeping this matter in the bankruptcy court.

## III. CONCLUSION

For the reasons set forth above, the Court hereby DENIES Betty June Taylor El's motion to withdraw the reference [1].

---

[2] 11 U.S.C. § 110(j)(2)(B) states: "If the court finds that a bankruptcy petition preparer has continually engaged in conduct described in subclause (I), (II), or (III) of clause (i) and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, has not paid a penalty imposed under this section, or failed to disgorge all fees ordered by the court[,] the court may enjoin the person from acting as a bankruptcy petition preparer."